UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN MOORE BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )   Case No. 4:23-cv-347 JAR |
| LT. CHARLES CARVER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Kevin Moore Bey brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The Court previously granted Plaintiff *in forma pauperis* status and ordered him to file an amended complaint, in an attempt to cure pleading deficiencies in his original complaint. ECF No. 7. In response, Plaintiff filed an amended complaint with the Court on June 16, 2023. ECF No. 8. Because Plaintiff is proceeding *in forma pauperis*, his pleadings are subject to review under 28 U.S.C. § 1915. Based on such review, the Court will partially dismiss the amended complaint. The Clerk of Court will be directed to issue process or cause process to issue on Plaintiff's Eighth Amendment claim of excessive force against defendant correctional officers Charles Carver and Alex Downy. However, all other claims and defendants will be dismissed.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-

pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Amended Complaint[1]

Although Plaintiff is currently incarcerated in Jefferson City, the allegations of his 42 U.S.C. § 1983 complaint relate to a period when he was being held at Potosi Correctional Center ("PCC"), as a convicted and sentenced state prisoner. ECF No. 8 at 1-2. Plaintiff names fifteen

---

[1] The amended complaint appears to be a copy of Plaintiff's original complaint, with the same mistakes and crossed out words and sections. *Compare* ECF No. 1 at 1-14 *with* ECF No. 8 at 1-9 & 12-16. The only differences appear to be the word "Amended," written in the corner of the first page, and the inclusion of two pages of conclusory legal claim statements. *See* ECF No. 8 at 1 & 10-11.

(15) defendants who are employees of PCC: (1) Charles Carver (correctional lieutenant); (2) Alex Downy (sergeant); (3) Cheryl Boyer (correctional officer); (4) Jeremiah Kitchell (correctional officer); (5) Unknown McDonald (sergeant); (6) Unknown Scaggs (sergeant); (7) Unknown Walters (sergeant); (8) Unknown Conway (correctional officer); (9) Unknown Pain (correctional officer); (10) Chad Lawson (case manager): (11) Unknown Lacey (nurse); (12) Jane Doe (nurse); (13) Paul Blair (warden); (14) Jody Glore (deputy warden); and (15) Jennifer Price (assistant warden). *Id.* at 1-3. All defendants are sued in their individual capacities except Blair, Glore, and Price, who are sued in both their individual and official capacities. *Id.* at 3.

Plaintiff's complaint lists three legal claims: "Misuse of Force," "Denial of Medical Care," and "Denial of Due Process."[2] *Id.* at 5-8. Plaintiff's first claim regarding force is brought against the nine correctional officer defendants (Carver, Downy, Boyer, Kitchell, McDonald, Scaggs, Walters, Conway, and Pain). *Id.* at 5-6. Plaintiff alleges that on January 12, 2022, officer Boyer asked him to return to his cell and he did. A few minutes later, officers McDonald and Kitchell asked him to submit to restraints. Plaintiff replied to McDonald: "I can't believe that you are going to lock me up for such a minor offense." *Id.* at 5. Officers Carver and Downy approached and Plaintiff requested of Carver that he not be locked up, stating that he was not a "threat to the safety and security of the institution" and because he "had already complied with the order to lock[] down." *Id.* Plaintiff asserts that Carver then stated, "You ain't going to cuff up;" rushed into his cell; knocked him to the floor; punched him in the head and face; and banged his head against the

---

[2] Plaintiff filed grievances related to each of these three claims, which he attached as exhibits to his original complaint. *See* ECF No. 1-1. Liberally construing Plaintiff's self-represented pleadings, the Court will assume that Plaintiff intended those exhibits to also be considered with his amended complaint. In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

floor. Plaintiff was then cuffed by Carver and escorted to the medical unit. During the escort, Carver threatened to kill Plaintiff.

Subsequently, Plaintiff was taken to a suicide cell in one of the housing units. Once in the cell, Downy removed his cuffs and ordered him to strip out of his clothing. *Id.* Carver then questioned him about the location of a weapon. Plaintiff denied having a weapon and he asserts that Carver and Downy then forced him to the floor, punched his head and face, and banged his head on the floor. *Id.* at 6. Correctional officers Scaggs, Walters, Pain, and Conway rushed into the cell and Plaintiff felt "someone stomping on [his] back." Carver bit Plaintiff's thumb and then ordered the four officers to leave. Carver and Downy "started breaking" Plaintiff's arm and fingers on both hands. Plaintiff called for help. They left Plaintiff in the cell. Plaintiff states that he was bleeding from his eye, nose, mouth, and left shoulder; both his hands were swollen; and his rib cage hurt. Plaintiff alleges that the defendants did nothing to protect him from this excessive use of force. *Id.*

Plaintiff filed an Informal Resolution Request ("IRR") regarding these incidents of force. ECF No. 1-1 at 1-5. In the IRR, Plaintiff stated that the force applied by Carver and Downy in the suicide cell occurred "after [Plaintiff] couldn't comply fast enough" to Downy's order to strip. *Id.* at 3. Defendant Jody Glore responded to Plaintiff's grievance, describing the initial incident as a "spontaneous use of force resulting from [Plaintiff's] refusal to submit to wrist restraints and combative behavior" and the later incident in the suicide cell as an assault by Plaintiff on staff "conducting the [strip] search resulting in a further use of force." *Id.* at 8.

Plaintiff's second claim is denial of medical care against two PCC nurses – Lacey and an unknown Jane Doe nurse. ECF No. 8 at 7. Plaintiff alleges that after he was assaulted in the suicide cell, the two nurse defendants "approached the cell." He informed them that he had been

assaulted, that he couldn't stop the bleeding, and that he may have a broken jaw, arm, and fingers. Plaintiff alleges that the nurses "turned and walked away." Plaintiff states that he was bleeding and in pain all night. He complained to the medical tech the following morning and was taken to medical. *Id.* Once there, he states that he was treated for head trauma and placed in the "TCU" for x-rays. *Id.* at 7, 9.

In the grievance documents regarding denial of medical care, Glore states that between the two uses for force Plaintiff was "taken to medical for an evaluation" and after the second use of force, Plaintiff was "seen by medical in the housing unit." ECF No. 1-1 at 8. The institutional response to his IRR on the subject, summarized his care, in part, as follows:

> Nurse Wilkins responded to a Use of Force on January 12th, 2022. She reports an injury to your right eye (swollen), left hand, and right hand. She reports, "1 cm laceration to right eye above the eyebrow. Bleeding easily controlled and abx ointment placed over laceration. Left eye puffy. Nose bloody right nare slight bleeding easily controlled. ... Right and left hand swollen left greater than right."

*Id.* at 13. The grievance appeal response further explains that when Plaintiff was evaluated by medical after the incident, the nurse "was not allowed to enter the cell for security reasons so assessed through the window." *Id.* at 16. When Plaintiff was taken to medical on the day following the incident, Plaintiff had his face cleaned of dried blood; had two steri-strips applied to his right eyebrow; was ordered x-rays of his face and chest; and was placed in the TCU overnight for monitoring. The next day he received a Tetanus vaccine and had his facial x-ray. Subsequently, he received Tylenol for pain. *Id.* at 13. Plaintiff's x-ray results showed no fracture of the facial bones. *Id.* at 16.

Plaintiff's third claim is that he was denied due process in his hearing on the two conduct violations that he received as a result of the incidents described above. ECF No. 8 at 8. On January 20, 2022, case manager Lawson came to Plaintiff's cell to hold a disciplinary hearing on the

conduct violations. Plaintiff complains that he never received copies of the conduct violations, that he was denied witnesses, and that he had never been interviewed on the incidents. Plaintiff states that Lawson continued the hearing and found him guilty. As a result, Plaintiff alleges he was denied his due process rights. *Id.* Plaintiff's grievance concerning the denial of due process at this hearing was approved by defendant Glore on May 28, 2022, after a review of all the pertinent information. ECF No. 1-1 at 22. Glore directed that Plaintiff's conduct violations be "re-heard" in order to "preserve [his] due process." *Id.*

In filing his amended complaint, Plaintiff added the following conclusory legal statements, titled "Claims for Relief," to his allegations:

> The action of defendants Lt. Carver and Sgt. Downy against the Plaintiff without need or provocation were done maliciously and sadistically and constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.
>
> The action of defendants Cheryl Boyer, Kitchell, McDonald, Scaggs, Walters, Conway, and Pain in failing to intervene to prevent the misuse of force constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.
>
> The action of Nurse Lacey and Nurse Jane Doe in failure to provide medical treatment to the Plaintiff['s] serious medical needs constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.
>
> The actions of case manager Chad Lawson in refusing to call the witnesses requested by Plaintiff, finding him guilty of creating a disturbance and minor assault on a staff, without first providing plaintiff with a written copy of the conduct violation, and of Jennifer Price in upholding the disciplinary decision, denied the plaintiff due process of law in violation of the Fourteenth Amendment to the United States Constitution.
>
> The failure of defendant Jody Glore to take disciplinary or other action to curb the known pattern of physical abuse of inmates by defendants Carver and Downy constituted deliberate indifference to the plaintiff and other prisoner's safety and contributed to and proximately cause[d] the above d[e]scribed violation of the Eighth Amendment right.

> The failure of defendant Paul Blair to take disciplinary or other actions to curb the known pattern of physical abuse of inmates by defendants Carver and Downy constituted d[e]liberate indifference to the plaintiff and other prisoner's saf[e]ty and contributed to and proximately cause[d] the above d[e]scribed violation of the Eighth Amendment right.

ECF No. 8 at 10-11.

For relief on these claims, Plaintiff seeks money damages and a declaration that his rights have been violated. *Id.* at 12.

## Discussion

Based on a liberal construction of Plaintiff's pleadings, the Court finds that Plaintiff has stated enough factual allegations for his claim of excessive force against correctional officer defendants Carver and Downy to survive initial review. However, as to Plaintiff's other legal claims, there is insufficient factual content for the Court to draw reasonable inferences that the defendants are liable for the alleged misconduct. *See Iqbal*, 556 U.S. at 678; *see also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). As such, the Clerk of Court will be directed to issue process as to Carver and Downy on the Eighth Amendment claim of excessive force. But all other claims and defendants will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

### I.  Excessive Force Claim: Defendants Carver and Downy

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 685 (1978). One such federally protected right is the Eighth Amendment's prohibition on cruel and unusual punishment which limits the conditions in which a State may confine convicted criminals. *Robinson v. California*, 370 U.S. 660 (1962); *Rhodes v. Chapman*,

452 U.S. 337 (1981). The Supreme Court has explained this limit as a prohibition on punishments that "involve the unnecessary and wanton infliction of pain" including those that are "totally without penological justification." *Rhodes*, 452 U.S. at 346 (quoting *Gregg v. Georgia*, 428 U.S. 153, 173, 183 (1976)); *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986).

"[Correctional] Officers may reasonably use force in a good-faith effort to maintain or restore discipline but may not apply force maliciously and sadistically to cause harm." *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)) (internal quotation marks omitted). The test for reasonableness or the good-faith application of force depends on the following:

> whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury.

*Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002) (citing *Hudson*, 503 U.S. at 7).

In this case, Plaintiff alleges that officer Carver knocked him to the floor, punched him in the head and face, and banged his head against the floor. ECF No. 8 at 5. As to both Carver and Downy, Plaintiff asserts that they forced him to the floor, punched his head and face, and banged his head on the floor. *Id.* at 6. Carver bit Plaintiff's thumb. Then, Carver and Downy "started breaking" Plaintiff's arm and fingers on both hands. The correctional officer defendants appear to have used this level of force when Plaintiff was not actively resisting; he was only verbally denying that he had a hidden weapon. After the incidents, Plaintiff states that he was bleeding from his eye, nose, mouth, and left shoulder; both his hands were swollen; and his rib cage hurt. *Id.* The Court finds that, at this early stage of initial review, these allegations are sufficient to state a claim of excessive force against correctional officers Carver and Downy.

## II.   Failure to Intervene Claims: Defendants Scaggs, Walters, Pain, and Conway

A prisoner may also assert an excessive-use-of-force claim against a correctional officer who knew or had reason to know another officer was using excessive force, and who had the opportunity to intervene to prevent the excessive use of force by his fellow correctional officer but failed to do so. *Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012); *Putman v. Gerloff*, 639 F.2d 415, 423 (8th Cir. 1981). The question is whether the officer's inaction amounts to deliberate indifference to the inmate's health and safety. *Buckner v. Hollins*, 983 F.2d 119, 122 (8th Cir. 1993).

Here, Plaintiff alleges that these four officers entered the suicide cell while he was being held by Carver and Downy. Plaintiff felt pressure on his back and then Carver ordered these officers to leave. The possible act of one of these officers stepping on Plaintiff's back, with no resulting injury, is not enough to state an excessive force claim. Instead, Plaintiff appears to be alleging that these four officers failed to intervene when Carver and Downy allegedly used excessive force. However, the factual allegations suggest that the use of force was spontaneous. Officers Scaggs, Walters, Pain, and Conway were all directed to leave the cell, and presumably they did. There is no evidence that these officers knew or had reason to know that Carver and Downy would use excessive force, or that there was time or opportunity for them to intervene to prevent it. Plaintiff does not present enough factual allegations against these four defendants to reasonably infer that they acted with deliberate indifference to Plaintiff's health and safety. As such, Plaintiff's claims against defendant correctional officers Scaggs, Walters, Pain, and Conway must be dismissed for failure to claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

### III. Deliberately Indifferent Medical Care: Defendant Nurses Lacey and Doe

The Eighth Amendment's prohibition on cruel and unusual punishment also protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on a deliberate indifference claim, a prisoner plaintiff must demonstrate that he suffered from an objectively serious medical need, and that defendants actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted).

"[D]eliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (quoted case omitted). An inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014) (quoted case omitted). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Nor will a prisoner's "mere disagreement with treatment decisions" support a claim of deliberate indifference. *Jones v. Minn. Dep't of Corr.*, 512 F.3d 478, 482 (8th Cir. 2008).

Deliberate indifference may also be demonstrated by prison officials who intentionally deny or delay access to medical care. *Estelle*, 429 U.S. at 104-05. When a delay in treatment is alleged to have violated an inmate's constitutional rights, a court measures the objective severity of the deprivation "by reference to the *effect* of the delay in treatment." *Jackson v. Riebold*, 815 F.3d 1114, 1119 (8th Cir. 2016) (internal quotation marks omitted) (quoting *Laughlin v. Schriro*,

430 F.3d 927, 929 (8th Cir. 2005)). To support a claim based on a delay in treatment, a plaintiff must present "verifying medical evidence" showing that the delay in treatment had detrimental effects. *Id.* at 1119-20; *see also Holden*, 663 F.3d at 342 ("[a] prisoner alleging a delay in treatment must present verifying medical evidence that . . . [the] delays adversely affected his prognosis.").

In this case, Plaintiff was seen in medical after the first use of force and due to security concerns, he was physically assessed through the suicide cell window by nurses after the second use of force. As such, the allegations do not support a claim of a refusal to provide medical care. Instead, Plaintiff seems to be alleging a delay in the receipt of adequate medical care, since he received more extensive care on the following day in the medical unit.

In order to state a claim of delay in medical treatment as a constitutional violation, Plaintiff must present medical evidence indicating that the delay had a detrimental effect on his medical prognosis. *Jackson*, 815 F.3d at 1119-20; *Holden*, 663 F.3d at 342. In this case, the facial x-rays that Plaintiff received later, found no fracture. Furthermore, Plaintiff alleges no serious medical problem that went untreated, causing a negative side-effect. The allegations of Plaintiff's amended complaint fail to state a claim of deliberate indifference as to nurses Lacey and Jane Doe.

**IV.     Violation of Due Process Claim: Defendant Lawson**

The Prison Litigation Reform Act (PLRA) requires exhaustion of administrative remedies for all suits about prison life before such claims are brought to federal court. *See* 42 U.S.C. § 1997e(a). The purpose of this exhaustion requirement is to afford "corrections officials time and opportunity to address complaints internally" and for the possibility that "corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Porter v. Nussle*, 534 U.S. 516, 525 (2002) (citing *Booth v. Churner*, 532 U.S. 731, 737 (2001)).

In this case, Plaintiff's grievance on his denial-of-due-process claim was granted by defendant Glore on May 28, 2022, and his conduct violations were directed to be re-heard. *See* ECF No. 1-1 at 22. Plaintiff's makes no allegations concerning a denial of due process in the re-hearing of his violations. (And if he did, that new claim would need to be exhausted as well.) Plaintiff's claim here is mooted by the relief he received through the grievance process. As such, Plaintiff fails to state a § 1983 claim upon which relief may be granted. Plaintiff has asserted no claim against defendant case manager Chad Lawson that survives initial review.

V. **Personal Liability Required to State a § 1983 Claim: Defendants Blair, Price, Boyer, McDonald, Kitchell, and Glore**

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). "Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted). Plaintiff cannot hold the defendants liable simply because they held supervisory or administrative positions. *See Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) (*citing Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995)) ("A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory.").

In this case, Plaintiff makes only one allegation against assistant PCC warden Jennifer Price: that she violated Plaintiff's rights when she upheld the disciplinary decision of case manager Chad Lawson, finding Plaintiff guilty of creating a disturbance and minor assault on staff. ECF No. 8 at 10. This is not enough to state a claim for relief. *See George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are

responsible. ... Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."). Plaintiff fails to allege personal involvement by Price.

As for PCC warden Paul Blair, Plaintiff makes a conclusory statement that Paul Blair has failed to "take disciplinary or other actions to curb the known pattern of physical abuse of inmates by defendants Carver and Downy," but Plaintiff provides no factual allegations supporting a "known pattern of physical abuse." ECF No. 8 at 11. Plaintiff fails to plead any factual content allowing such an inference to be drawn. Plaintiff alleges no harm suffered for which Blair is personally responsible or directly involved in. As such, Plaintiff fails to state a claim against him. *See also Jackson v. Nixon*, 747 F.3d 537, 543 (8th Cir. 2014) (citing *Iqbal*, 556 U.S. at 676) ("To state a claim under § 1983, the plaintiff must plead that a government official has personally violated the plaintiff's constitutional rights.").

Similarly, as to correctional officers Boyer, McDonald, and Kitchell and deputy warden Glore, Plaintiff fails to make factual allegations against these defendants that would state a § 1983 claim for relief. As to Boyer, Plaintiff only alleges that she asked him to return to his cell and he did. As to McDonald and Kitchell, Plaintiff only alleges that they directed him to submit to restraints. Plaintiff labels this a "fail[ure] to intervene to prevent the misuse of force." ECF No. 8 at 10. As to Glore, Plaintiff makes the same conclusory allegation as against Blair in that they failed to "curb the known pattern of physical abuse" – a pattern for which there is no supporting evidence. *Id.* at 11. Again, none of these allegations are enough to state a claim for relief. *See George*, 507 F.3d at 609. Plaintiff does not allege that these defendants were personally involved in or directly responsible for any harm to him, as required for a claim under § 1983. Plaintiff's complaint fails to state a § 1983 claim against defendants Price, Blair, Boyer, McDonald, Kitchell, and Glore.

## Conclusion

As this early stage of litigation, the Court finds that Plaintiff has pled sufficient facts to state a plausible claim of excessive force against defendant correctional officers Charles Carver and Alex Downy. The Court will direct the Clerk to issue process on this Eighth Amendment claim against these defendants only. All other claims and defendants will be dismissed for failure to state a clam upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the amended complaint as to Plaintiff's claims against defendants Cheryl Boyer, Jeremiah Kitchell, Unknown McDonald, Unknown Scaggs, Unknown Walters, Unknown Conway, Unknown Pain, Chad Lawson, Nurse Unknown Lacey, Nurse Jane Doe, Paul Blair, Jody Glore, and Jennifer Price because, as to these defendants, the amended complaint fails to state a claim upon which relief can be granted. All of Plaintiff's claims against these defendants are **DISMISSED without prejudice.** *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint as to defendants Charles Carver and Alex Downy, with regard to Plaintiff's Eighth Amendment claim of excessive force, brought against these defendants in their individual capacities. Defendants shall be served with process in accordance with the service agreement the Court maintains with the Missouri Attorney General's Office for service on Missouri Department of Corrections Employees.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of October, 2023.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE