# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KEVIN MOORE BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:23-cv-347 JAR |
| | ) |
| LT. CHARLES CARVER, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Review of the record indicates that defendant "Alexander Downing" has not been served with process.

Plaintiff commenced this action on March 20, 2023, and filed an amended complaint naming fifteen defendants on June 16, 2023. On October 3, 2023, the Court directed the Clerk to serve process on the amended complaint as to two defendants only: Charles Carver and Alex Downy. The Missouri Attorney General's Office entered their appearance and waived service on behalf of defendant Charles Carver, but they did not waive on behalf of defendant Downy, who was no longer employed by the Missouri Department of Corrections. As such, the Court directed the Attorney General to file defendant Downy's last known home address under seal and *ex parte*. After clarification that defendant "Alex Downy" is actually "Alexander Downing," the Court directed the United States Marshals Service ("USMS") to serve Downing at the address provided under seal by the Attorney General's Office. On February 1, 2024, the summons for defendant Downing was returned unexecuted with a note that service was attempted once at the address

provided by the Attorney General's Office and twice at a "different more up to date" address that the USMS was able to obtain for Downing.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In cases where a self-represented litigant is proceeding *in forma pauperis*, "[t]he officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). This provision is compulsory. *Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (citing *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 302 (1989)). As such, a litigant proceeding *in forma pauperis* is entitled to rely on service by the USMS. *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013). However, it is a plaintiff's responsibility to provide the information necessary for service on the defendants. *See Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993); *see also Beyer v. Pulaski Cnty. Jail*, 589 Fed. Appx. 798, 799 (8th Cir. 2014) (stating that "a plaintiff bears the burden of providing proper service information").

Here, Plaintiff identifies defendant Alexander Downing as a sergeant employed at the Potosi Correctional Center – a Missouri Department of Corrections facility.  However, the Missouri Attorney General's Office states that Downing is no longer a Missouri Department of Corrections employee.  The USMS attempted service three times at two different home addresses for defendant Downing.  The information provided to the Court shows the investigative efforts the USMS undertook in an effort to locate defendant Downing.  The Court finds that the USMS made reasonable efforts to locate defendant Downing and, despite those efforts, were unsuccessful.

2

In the case at bar, it has been more than 90 days since Plaintiff filed his amended complaint naming Downing as a defendant, and the Court has attempted service three times without success. As noted above, Rule 4(m) of the Federal Rules of Civil Procedure provides that the Court, after notice to a plaintiff, shall dismiss an action against any defendant upon whom service has not been timely made. In light of Plaintiff's status as a self-represented and *in forma pauperis* litigant, he will be given the opportunity to provide the Court with adequate information such that defendant Alexander Downing may be timely served under Rule 4(m). Plaintiff's response to this Court is due no later than thirty (30) days from the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that, no later than **thirty (30) days** from the date of this Order, Plaintiff shall provide the Court with adequate information such that defendant "Alexander Downing" may be served with process.

**IT IS FURTHER ORDERED** that, in the absence of good cause shown, Plaintiff's failure to timely respond to this Order shall result in the dismissal of defendant "Alexander Downing" from this cause of action, without prejudice or further notice from the Court, pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

Dated this 5th day of February, 2024.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE