UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN MOORE BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:23-cv-347 JAR |
| LT. CHARLES CARVER, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Carver's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 23. According to defendant Carver, this § 1983 case is subject to a one-year statute of limitations and because Plaintiff did not bring his claim within that time frame, this case should be dismissed as time barred. Because the Court finds that Plaintiff's § 1983 claims are subject to a five-year limitations period, defendant Carver's motion will be denied.

### Background

Plaintiff brought this civil rights action under 42 U.S.C. § 1983 against fifteen employee defendants of Potosi Correctional Center ("PCC"). ECF No. 8 at 1-3. On October 3, 2023, the Court issued an Order dismissing multiple claims and defendants from the case based on a failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). ECF No. 12. However, the Court directed the Clerk to issue process against PCC correctional officer defendants Charles Carver and Alexander Downing,[1] in their individual capacities, as to Plaintiff's Eighth Amendment claim of excessive

---

[1] Plaintiff originally named this defendant as "Alex Downy" but defendant's name has since been corrected to "Alexander Downing." *See* ECF Nos. 21-22 & 27.

1

force. *Id.*

The allegations of Plaintiff's amended complaint, as relevant to his claims against the two remaining defendants, are as follows. Plaintiff alleges that on January 12, 2022, an officer asked him to return to his cell and he did. A few minutes later, two officers asked him to submit to restraints. Plaintiff replied to one of them: "I can't believe that you are going to lock me up for such a minor offense." ECF No. 8 at 5. Officers Carver and Downing approached and Plaintiff requested of Carver that he not be locked up, stating that he was not a "threat to the safety and security of the institution" and because he "had already complied with the order to lock[] down." *Id.* Plaintiff asserts that Carver then stated, "You ain't going to cuff up;" rushed into his cell; knocked him to the floor; punched him in the head and face; and banged his head against the floor. Plaintiff was then cuffed by Carver and escorted to the medical unit. During the escort, Carver threatened to kill Plaintiff.

Subsequently, Plaintiff was taken to a suicide cell in one of the housing units. Once in the cell, Downing removed his cuffs and ordered him to strip out of his clothing. *Id.* Carver then questioned him about the location of a weapon. Plaintiff denied having a weapon and he asserts that Carver and Downing then forced him to the floor, punched his head and face, and banged his head on the floor. *Id.* at 6. Four other correctional officers rushed into the cell and Plaintiff felt "someone stomping on [his] back." Carver bit Plaintiff's thumb and then ordered the four officers to leave. Carver and Downing "started breaking" Plaintiff's arm and fingers on both hands. Plaintiff called for help. They left Plaintiff in the cell. Plaintiff states that he was bleeding from his eye, nose, mouth, and left shoulder; both his hands were swollen; and his rib cage hurt. Plaintiff alleges that the defendants applied excessive use of force. *Id.*

2

**Motion to Dismiss**

**I.     Arguments of the Parties**

Now before the Court is defendant Carver's motion to dismiss Plaintiff's amended complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 23. Defendant Carver argues that Plaintiff's § 1983 claims are time barred and therefore, this case should be dismissed. ECF No. 24 at 2.

According to Carver, because § 1983 does not contain a statute of limitations, the Supreme Court has directed lower courts to use the most analogous state statute of limitations and for § 1983 actions, this should be the state's statute of limitations for personal injury actions. *Id.* at 3 (citing *Bd. of Regents of Univ. of New York v. Tomanio*, 446 U.S. 478, 488 (1980); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Carver argues that in Missouri, the most analogous state statute of limitations for non-inmate § 1983 suits is the five-year limitations period for personal injury cases. *See* Mo. Rev. Stat. § 516.120(4) (stating that "[a]n action for … any other injury to the person or rights of another" should be brought within five years). Carver recognizes that the Eighth Circuit has generally applied this limitation period to § 1983 cases brought in Missouri. ECF No. 24 at 3 (citing *Farmer v. Cook*, 782 F.2d 780 (8th Cir. 1986)).

However, for inmates, Carver argues that a different Missouri statute applies and the applicable limitations period is one year. *See* Mo. Rev. Stat. § 516.145 ("Within one year: all actions brought by an offender … against the department of corrections or any entity or division thereof, or any employee or former employee for an act in an official capacity, or by the omission of an official duty."). According to Carver, the Missouri legislature enacted this statute in 1990 to limit prison inmate claims and Missouri courts have held it constitutional and applicable in

3

personal injury cases. ECF No. 24 at 4 (citing *Cooper v. Minor*, 16 S.W.3d 578, 582 (Mo. 2000); *Kinder v. Mo. Dep't of Corrs.*, 43 S.W.3d 369, 373 (Mo. Ct. App. 2001)). As such, according to Carver, Mo. Rev. Stat. § 516.145 is "now the general residual statute of limitations for personal injury lawsuits brought by inmates against correctional officers in Missouri courts, and it carries a one-year limitations period." *Id.*

Carver further argues that this Court was incorrect in not applying this one-year limitations period in the past to § 1983 actions, *id.* at 5 (citing *Brown v. Hancock*, 2011 WL 4528459 (E.D. Mo. Sept. 29, 2011)), but that more recently, this Court recognized that Mo. Rev. Stat. § 516.145 is the proper limitations period for § 1983 claims in Missouri. *Id.* (citing *Roberts v. Milburn*, 2013 WL 4620614, at *10 n. 2 (E.D. Mo. Aug, 29, 2013)). Carver also states that the Eighth Circuit "would likely" apply the one-year limitations period to § 1983 claims in Missouri. *Id.* Finally, because Plaintiff filed this action over fourteen months after the alleged constitutional deprivation, Carver argues the case should be dismissed as time barred. *Id.* at 6.

Plaintiff opposes dismissal, arguing that he brought his claims "well within the statute of limitation." ECF No. 30 at 1.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. To survive a motion to dismiss for failure to state a claim, a plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court accepts the plaintiff's factual allegations as true and draws all reasonable inferences in favor of the

nonmoving party. *Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) (quoting *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). But "[c]ourts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (internal quotations and citation omitted).

In civil rights actions, a complaint should be liberally construed when determining whether it has stated a cause of action sufficient to survive a motion to dismiss. *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Twombly*, 550 U.S. at 556. Therefore, a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994).

**Discussion**

Defendant Carver moves to dismiss Plaintiff's § 1983 complaint stating that his claims are barred by a one-year statute of limitations, which he alleges is the applicable limitations period for all Missouri prisoner actions, including those brought in federal court under 42 U.S.C. § 1983. The District Court for the Eastern District of Missouri has addressed this argument multiple times before. In *Brown v. Hancock*, No. 4:10-cv-2045-HEA, 2011 WL 4528459 (E.D. Mo. Sept. 29, 2011), this Court held that in a § 1983 action brought by a Missouri offender against a Missouri Department of Corrections employee, Missouri's five-year personal injury statute of limitations applies rather than the one-year statute of limitations set forth in Mo. Rev. Stat. § 516.145. *Id.* at *2; *see also Estate of Snyder v. Julian*, No. 1:11-cv-24-LMB, 2012 WL 2952934, *3-4 (E.D. Mo. Jul. 19, 2012) ("In Missouri, the relevant limitations period for general personal injury torts is five years. ... Accordingly, the applicable limitations period for claims brought under § 1983 is five

years."); *Libertus v. Harris*, No. 4:22-cv-1226-AGF, 2023 WL 8879097 (E.D. Mo. Dec. 22, 2023).

Defendant Carver states that after *Brown*, this Court recognized that Mo. Rev. Stat. § 516.145 is the proper limitations period for § 1983 claims in Missouri. ECF No. 24 at 5 (citing *Roberts v. Milburn*, 2013 WL 4620614, at *10 n. 2 (E.D. Mo. Aug, 29, 2013)). For this proposition, Carver cites to a footnote in *Roberts v. Milburn* – a habeas corpus case brought under § 2254. *Id.* The Court will quote the footnote and corresponding paragraph from *Roberts* in full, noting that this is the final substantive paragraph in the habeas corpus ruling:

> Finally, Roberts alleges that cruel and unusual punishment is used against him in violation of the Eighth Amendment and that he is in custody in the incorrect type of facility. [Docs. 11, 12.] Roberts further alleges that he is denied adequate medical treatment and is in imminent danger of serious physical harm. [Doc. 6.] Disputes as to the conditions of confinement fall outside the core of federal habeas corpus review and may be brought in a separate action pursuant to 42 U.S.C. § 1983.[2] *See Nelson v. Campbell*, 541 U.S. 637, 643 (2007).
>
> [2] A claim under 42 U.S.C. § 1983 is the proper vehicle for allegations that the conditions imposed on a state prisoner violates the prisoner's federal constitutional rights. 42 U.S.C. § 1983. In Missouri, 42 U.S.C. § 1983 claims against the Department of Corrections or its employees acting in their official capacity must be filed within one year of the alleged constitutional violations. Mo. Rev. Stat. § 516.145; *Kinder v. Missouri Dept. of Corrections*, 43 S.W.3d 369, 372 (Mo. App. 2001).

*Roberts*, No. 4:10-cv-1421 SNLJ, 2013 WL 4620614, at *10 n. 2 (E.D. Mo. Aug. 29, 2013).

The authority on which Carver relies to assert a one-year statute of limitations applies to a Missouri inmate's § 1983 claim is found in dicta—more specifically, in a footnote to dicta—in a decade-old habeas corpus case. As dicta, the statement was not necessary to resolve the habeas claims and is not legally binding. In the years since the *Roberts* decision, this Court has never cited to *Roberts* as authority for applying a one-year statute of limitations to a §1983 case.

6

Moreover, this Court has never ruled that a Missouri inmate suing under §1983 is subject to Missouri's one-year statute of limitations found in Mo. Rev. Stat. § 516.145.

Although Carver states that he believes that the Eighth Circuit "would likely" apply the one-year limitations period to § 1983 claims in Missouri, he fails to recognize that the Eighth Circuit has always applied Missouri's five-year statute of limitations for personal injury torts to actions brought under § 1983 by Missouri offenders. *See Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005) ("Missouri's five-year statute of limitations for personal injury actions, Mo. Rev. Stat. § 516.120(4) (2000), applies to all of [plaintiff's] section 1983 claims."); *see also Milliman v. Howell Cnty., Mo.*, No. 21-3388, 2022 WL 5237993, at *1 (8th Cir. Oct. 6, 2022) (per curiam) (affirming district court decision which discussed the applicability of a five-year limitations period for prisoner § 1983 claims, citing *Sulik* and Mo. Rev. Stat. § 516.120); *Hoelscher v. Huff*, 547 F. App'x 805, 806 (8th Cir. 2013) (per curiam) (affirming district court dismissal based on the "42 U.S.C. § 1983 claims [being] time-barred by Missouri's 5-year limitations period for personal-injury actions").

Finally, the Court issued process in this case against correctional officer defendants Carver and Downing in their individual capacities only. *See* ECF No. 13. However, Mo. Rev. Stat. § 516.145 states that it applies to "actions brought by an offender ... against ... any employee or former employee for an act in an official capacity." Because there are no official capacity claims before the Court, there is no reason to believe this Missouri statute mandating a one-year limitations period applies here. For this reason as well, the motion will be denied.

As such, in accordance with the prior rulings of this Court and the United States Court of Appeals for the Eighth Circuit, the Court finds Missouri's five-year statute of limitations for

7

personal injury actions applies to Plaintiff's § 1983 claims. The Court will deny defendant Carver's motion to dismiss and direct Carver to file an answer to Plaintiff's amended complaint within the time allowed under the Federal Rules.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion to Dismiss [ECF No. 23] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Charles Carver shall file his answer to Plaintiff's amended complaint within the time allowed by the Federal Rules of Civil Procedure.

Dated this 12th day of March, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE