UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KEVIN MOORE BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 4:23-cv-347 JAR |
| | ) |
| Lt. CHARLES CARVER, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's second motion for appointment of counsel. ECF No. 31. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the plaintiff's need for counsel to effectively litigate his claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, based on case filings thus far, self-represented Plaintiff has been able to present his claims and arguments to the Court. As such, the Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Plaintiff at this time, and will deny Plaintiff's motion for appointment of counsel, without prejudice to refiling at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 31] is **DENIED without prejudice**.

Dated this 28th day of March, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE