## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN MOORE BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-347 JAR |
| | ) | |
| LT. CHARLES CARVER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This prisoner civil rights action is before the Court on Plaintiff's third motion for appointment of counsel. ECF No. 44. As the Court explained in its order denying Plaintiff's second motion for counsel (ECF No. 41), there is no constitutional or statutory right to appointed counsel in civil cases, and the appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). In exercising this discretion, the Court considers "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Id*.

Here, the Court finds that appointment of counsel is unwarranted at this time. The action involves straightforward questions of fact rather than complex questions of law. Based on the case filings before the Court, Plaintiff has been able to present his claims and arguments to the Courts. Plaintiff argues that he does not have the ability to investigate the facts because he is no longer incarcerated in the facility where the acts giving rise to this lawsuit took place. But he has not explained whether he has tried to obtain information from witnesses at his former facility nor

explained why those efforts were unsuccessful.  *Munt v. Larson*, No. 15-CV-582 (SRN/SER), 2016 WL 11483859, at *9 (D. Minn. July 14, 2016), report and recommendation adopted, No. CV 15-582 (SRN/SER), 2016 WL 4435671 (D. Minn. Aug. 19, 2016).  The Court accordingly concludes that the appointment of counsel would not be sufficiently beneficial to the Court or to Plaintiff at this time, and it will deny Plaintiff's motion for appointment of counsel, without prejudice to refiling at a later date.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 44] is **DENIED without prejudice**.

Dated this 30th day of July 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE