**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN MOORE BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-CV-00347-JAR |
| | ) | |
| LT. CHARLES CARVER, *et al.*, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Charles Carver's motion for summary judgment in this pro se prisoner's civil rights case. (Doc. 69). For the reasons stated below, Carver's motion will be granted.

**I.    BACKGROUND**

At the time relevant to this case, Plaintiff Kevin Moore Bey was an inmate at Potosi Correctional Center where Defendant Charles Carver was a corrections officer. On January 12, 2022, after Bey was involved in a disturbance with another inmate, he was sent to his cell and ordered to submit to restraints. Bey returned to his cell but argued with an officer over the need for restraints and refused to comply. Carver and another officer were called to assist, and they used force to place him on the ground to apply restraints. According to Bey's complaint, the officers used excessive force by knocking him to the floor, punching him in the head and face, and banging his head against the floor. (Doc. 8 at 5). Bey further alleges that Carver threatened to kill him.

After a medical assessment, Carver and other officers escorted Bey to cell in administrative segregation, where his restraints were removed and he was ordered to submit to a

1

strip search. Video evidence depicts that Bey resisted and threw a punch at Carver, prompting another skirmish in which Carver and other officers forced Bey to the ground and re-applied restraints. (Doc. 71-3; Doc. No. 71 at 2). According to Bey's complaint, Carver forced him to the floor, punched his head and face, banged his head on the floor, bit his thumb, and attempted to break his arm and fingers, leaving him bleeding from the face and shoulder, with swollen hands and a sore ribcage. (Doc. 8 at 6).

Bey was evaluated and treated for a laceration over the right eye.  (Doc. 1-1 at 13). Records also note a puffy left eye, nosebleed, and swollen hands. (*Id*.) Bey was monitored overnight and received a tetanus shot and facial x-ray, which showed no fractures. (*Id*.)  Bey filed a grievance, which was denied based on a finding that he refused to cooperate, engaged in combative behavior, and assaulted staff. (Doc. 1-1 at 8). Bey incurred two conduct violations in connection with these incidents. (Doc. 1-1 at 22).

Bey originally filed three claims against several officers, two nurses, and other staff.  All were later dismissed except for his claim of excessive force involving Carver. (Doc. 8, 13, 39). Carver now moves for summary judgment on that claim, asserting that (1) the record lacks evidence giving rise to a genuine dispute of fact as to whether the force Carver used was excessive and (2) Carver is entitled to qualified immunity.

## II.    LEGAL STANDARDS

### A.  Summary Judgment

"Summary judgment is proper where the evidence, when viewed in the light most favorable to the nonmoving party, indicates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Spears v. Missouri Dept. of Corrections and Human Resources*, 210 F.3d 850, 853 (8th Cir. 2000); Fed. R. Civ. P. 56(a). If

there are factual disputes that may affect the outcome of the case under the applicable substantive law, summary judgment is not appropriate. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A fact is material if it relates to the legal elements of the claim. *Id.* A dispute of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id*. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." *Id.* at 252.

In opposing a motion for summary judgment, the non-moving party may not rely on allegations or denials but must substantiate its allegations with sufficient probative evidence that would permit a finding in its favor on more than mere speculation or conjecture. *Ball v. City of Lincoln, Nebraska*, 870 F.3d 722, 727 (8th Cir. 2017). Even if some factual dispute exists, if the evidence, taken as a whole, is so one-sided that a fair-minded trier of fact could not find for the non-moving party, then there is no genuine issue for trial, and the movant is entitled to summary judgment. *Id*.

### B.  Excessive Force

Excessive force against an inmate violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Peterson v. Heinen*, 89 F.4th 628, 635 (8th Cir. 2023). "Only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment." *Id*. "The infliction of pain in the course of a prison security measure, therefore, does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Id*. The core judicial inquiry is whether the officer applied force in a good-faith effort to maintain or restore discipline or rather maliciously and sadistically to cause harm. *Id*. "To

distinguish between the two, [courts] consider multiple factors, including the objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officer, any efforts by the officer to temper the severity of his forceful response, and the extent of the inmate's injury. *Fisherman v. Launderville*, 100 F.4th 978, 980 (8th Cir. 2024) (cleaned up). Whether the use of force was necessary to maintain or restore discipline is a fact specific issue that "turns on the circumstances of the individual case or the particular prison setting." *Combs v. Downing*, No. 4:22-CV-786 PLC, 2024 WL 4252807, at *3 (E.D. Mo. Sept. 20, 2024) (quoting *Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006)).

### C.  Qualified Immunity

Qualified immunity shields a government official from liability unless he violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. *Taylor v. Barkes*, 575 U.S. 822, 825 (2015). "To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.*  Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Id.*

Summary judgment is appropriate if: "(1) the plaintiff-friendly version of the facts fails to establish a constitutional violation; or (2) the law at the time did not clearly establish the right." *Morgan-Tyra v. City of St. Louis*, 89 F.4th 1082, 1085 (8th Cir. 2024). Because an official is entitled to qualified immunity unless both prongs are met, the court's analysis will end if either one is not met.  *Stewart v. Precythe*, 91 F.4th 944, 952 (8th Cir. 2024)

The law is well-settled that beating a restrained inmate is a violation of the Eighth Amendment.  *Fisherman*, 100 F.4th at 981. However, when an inmate is unrestrained and

combative, summary applications of force are constitutionally permissible to secure order and officer safety. *See Peterson*, 89 F.4th at 636.

## III.    DISCUSSION

### A.    Uncontroverted Facts

As a preliminary matter, the Court notes that Bey's two-page filing in opposition to Carver's motion (Doc. 73) does not dispute or supplement any specific facts set forth in Carver's statement of material facts. (Doc. 71). Bey simply asserts that (1) his verified complaint constitutes competent evidence as an opposing affidavit and (2) officials acting outside the scope of their authority are not entitled to immunity. While these are correct statements of the law,[1] and while pro se pleadings are construed liberally, even pro se litigants must comply with court rules. *Wertz v. Mercy Health*, No. 4:23-CV-00579-NCC, 2024 WL 3427218, at *2 (E.D. Mo. July 16, 2024) at 2 (quoting *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005)).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). Likewise, the local rules of this district require that every memorandum in opposition to a motion for summary judgment include a response setting forth "each relevant fact as to which the party contends a genuine issue exists. The facts in dispute shall be set forth with specific citation(s) to the record." E.D. Mo. L.R. 4.01(E). Importantly, a moving party's statement of uncontroverted material facts "shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." *Id.*; *see also Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032 (8th Cir. 2007) ("Courts have neither the duty nor the time to investigate the record

---

[1]    *See e.g., Roberson v. Hayti Police Dep't*, 241 F.3d 992, 994 (8th Cir. 2001), and *Johnson v. Phillips*, 664 F.3d 232, 236 (8th Cir. 2011).

in search of an unidentified genuine issue of material fact to support a claim or a defense."). A party's pro se status does not excuse him from responding with specific factual support for his claims or from complying with Local Rule 4.01(E). *Ausler v. Hopgood*, No. 4:21CV644 JAR, 2023 WL 4884399, at *1 (E.D. Mo. Aug. 1, 2023).

Here, Bey has failed to controvert any facts set forth in Carver's statement of facts and supporting declaration. (Doc. 71-73). Consequently, Carver's version of the facts is deemed admitted. *See Wertz*, 2024 WL 3427218, at *1 ("movant's facts are deemed admitted if not specifically controverted by the party opposing the motion").[2] Of course, Carver must still show that the uncontroverted facts demonstrate that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). And the Court may consider other materials in the record, such as the grievance correspondence submitted with Bey's original complaint. (Doc. 1-1); Fed. R. Civ. P. 56(c)(3).

Based on the foregoing principles, the Court deems the following facts in Carver's declaration admitted. (Doc. 71-2). At the time of these two incidents, Bey was being transferred to administrative segregation for misconduct.  When Carver first appeared at Bey's cell, Bey did not comply with a verbal order to submit to restraints. Carver's non-compliance and combative behavior resulted in the first use of force, wherein Carver placed Bey on the ground to apply restraints, using the minimum amount of force to control the situation. In Bey's deposition, excerpts of which Carver submits with his motion, Bey conceded that he did not initially comply but testified that he was just standing in the doorway when Carver rushed in and knocked him to the floor.  (Doc. 71-1).

---

[2]    The Court acknowledges that Bey repeatedly requested appointed counsel to assist him. But, as explained in the Court's orders denying Bey's motions, such an appointment was not warranted in this simple case. (Doc. 7, 41, 47, 59). One inmate and four other officers witnessed these events. Bey has not described any attempts or difficulties obtaining their statements or depositions or other information from the facility. (Doc. 47). Bey had ample opportunity to engage in discovery and refused to do so. (Doc. 59).

Afterward, according to Carver's declaration, Carver escorted Bey to the medical unit for an assessment and then to a cell in administrative segregation for a strip search to check for contraband and weapons, which is standard procedure when transferring an inmate from the general population to administrative segregation. (Doc. 71-2). During that search, video evidence shows that Bey resisted and punched Carver, resulting in the second use of force to bring Bey under control and apply restraints using the minimum amount of force necessary to gain control. (Doc. 71-2). In his deposition, Bey conceded that he fought back but stated that Carver started the fight by threatening him. (Doc. 71-1). Bey speculated that Carver would not have removed restraints in the first place "unless they were up to something." (*Id.*)

### B. Analysis

The Court finds that the uncontroverted evidence in the record does not give rise to a triable issue of fact as to whether Carver subjected Bey to a malicious and sadistic use of force in violation of the Eighth Amendment. As previously explained, absent a submission by Bey disputing or supplementing specific facts, Carter's version of the facts is deemed admitted. (Doc. 71); Fed. R. Civ. P. 56(c)(1); E.D. Mo. L.R. 4.01(E). Additional evidence in the record, consisting of grievance correspondence following these incidents, supports Carver's motion insofar as Bey's grievance was denied and he was issued two conduct violations for refusal to submit to restraints, combative behavior, and assaulting staff. (Doc. 1-1). Bey confirmed in deposition that he did not comply but fought back. (Doc. 71-2). In such situations, summary applications of force are constitutionally permissible to secure order and officer safety. *Peterson*, 89 F.4th at 636. "[F]ailure to comply with a direct order is sufficient grounds for a use of force by prison officials when dealing with a recalcitrant inmate." *Nettles v. Lombardi*, No. 1:13-CV-146 JAR, 2016 WL 4502501, at *5 (E.D. Mo. Aug. 29, 2016) (citing *Jones v. Shields*, 207 F.3d

491, 497 (8th Cir. 2000)). The infliction of pain in the course of a prison security measure does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force was unnecessary in the strict sense. *Peterson*, 89 F.4th at 635.

Weighed against the foregoing facts and precedent, Bey's bare pleadings and allegations of malice are insufficient to create a triable jury question of unconstitutionally excessive force. Bey is correct that a verified complaint is equal to an affidavit for purposes of summary judgment. *Roberson*, 241 F.3d at 994. But "[s]imply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial." *Kountze ex rel. Hitchcock Found. v. Gaines*, 536 F.3d 813, 818 (8th Cir. 2008). "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving party's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin,* 483 F.3d 516, 527 (8th Cir.2007). Even if some factual dispute exists, if the evidence, taken as a whole, is so one-sided that a fair-minded trier of fact could not find for the non-moving party, then there is no genuine issue for trial, and the movant is entitled to summary judgment. *Ball*, 870 F.3d at 727.

Here, Bey supplies no evidence of malicious or sadistic force other than his own allegations. By contrast, Carter's uncontroverted evidence, including Bey's deposition, video footage, and grievance records all establish that Bey resisted orders and threw a punch before Carver briefly used a degree of force necessary to subdue him. Well-settled precedent shields Carver from liability in such circumstances. *Peterson*, 89 F.4th at 635-36.

IV.    **CONCLUSION**

The Court concludes that the evidence in the record does not give rise to a genuine factual dispute as to whether Carver's use of force violated Bey's clearly established constitutional rights.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Charles Carver's motion for summary judgment is **GRANTED**.  (Doc. 69).

A separate Judgment shall issue in accordance with this Memorandum and Order.

Dated this 29th day of April 2025.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE